## No. 1251.

### P. J. GIBERT vs. J. A. TASSIN.

An extension of time to file a transcript, although seasonably asked, will not be granted where it appears that the appellant instructed the clerk months previous to the return day not to make the transcript, and that it is owing to this injunction that the record was not prepared.

APPEAL from the Twelfth District Court, Parish of Avoyelles. *Overton*, J.

*L. J. Ducoté* for Appellant.

*E. North Cullom* for Appellee.

### ON MOTION TO EXTEND TIME.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    On the averment that, through no fault of his, he was unable to obtain from the clerk of the lower court the transcript of appeal to file the same here on the return day, and, being within the delay within which to apply for further time, the plaintiff and appellant prays that the return day be extended till next term.    The motion is accompanied by a certificate of the clerk to the effect that the transcript cannot possibly be made in less than ten days.

Gibert vs. Tassin

Counsel for appellees oppose the motion, charging that the showing is insufficient, and that, if the appellant did not obtain the transcript seasonably, it is because he had instructed the clerk not to make the transcript. A certificate from that official attesting that fact is attached to the answer.

The Code of Practice, art. 883, provides:

"If the appellant has not filed in the supreme court on the day appointed by the inferior judge the record from the court below, and was prevented from doing so by any event not under his control, he may, in person or by attorney, apply to the court before the expiration of three days, after which the appellee may obtain a certificate declaring that the record has not been filed, and may demand a further time to bring it up, which may be granted by the court if the event causing the delay be proved to its satisfaction," etc.

Rule III, § 3, of this court requires that motions for such extensions of time should state specifically the causes which prevented the completion of the transcript in time, and that the statement be verified by oath.

In the present instance the mover has not even alleged any event or cause to justify the non-registry of the transcript. The certificate annexed to his motion merely shows that the transcript cannot be completed before ten days, and is dated July 6, 1885, while that which accompanies the appellee's answer is to the effect that the plaintiff and appellant instructed the clerk in January last not to make the transcript, and is dated three days previous.

The showing made by the appellant not only does not entitle him to the extension asked, but that made by the appellee clearly establishes that there was ample time to make the transcript, and that if it was not made the fault is attributable to him. Under such circumstances granting the relief sought would be to permit him to take advantage of his own wrong to the prejudice of the appellee.

The motion to extend time is refused.